Gilson *v.* The State.

## S. L. GILSON *v.* THE STATE.

1. PUBLIC ROADS. *Jurisdiction of county courts.* The jurisdiction of the county court over public roads is plenary, and its action in opening a public road cannot be attacked collaterally for mere irregularities in the proceedings, nor upon the ground that the road is of no benefit to the public. The remedy is by an application to the court to close the road.

2. SAME. *Abandonment.* Mere non-user of a public road for three years will not work an abandonment of the easement, nor authorize the owner of the land to obstruct the road.

3. SAME. *How opened.* It is not necessary to the establishment and existence of a public road that the county court should, in addition to confirming a report of a jury of view laying it off, appoint an overseer or assign hands to work the road, if in fact the road be actually opened in conformity with the order of the court and used by the public.

FROM KNOX.

Appeal in error from the Criminal Court of Knox county.

C. H. FLURNOY for Gilson.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

Gilson was indicted and convicted of obstructing a public road, and he appealed in error.

In the year 1867, on petition, the county court appointed a jury of view to change a neighborhood road which ran through the lands of the petitioner and Gilson. The jury, of which Gilson was one, reported in favor of the road so as to run on the front line of the lands of petitioner and Gilson instead of through them. The report was confirmed, and the petitioner and Gilson opened the new road on their respective lands in accordance therewith. The jury have found as a fact that the road was public and obstructed by plaintiff in error. There is evidence to sustain the verdict.

No objection is taken to the charge of the court to the jury. It is, however, assigned as error that he refused to charge certain propositions as requested by the appellant. One of these propositions was to the effect that the report of the jury of view was a nullity, because it was not shown that the person deputized by the sheriff to summon the jury was authorized to swear them. But if it be conceded that the person deputized could not legally administer an oath, it would have been a mere irregularity, cured by the action of the court. The jurisdiction of the county court over the subject-matter was plenary, and

its action cannot be attacked collaterally for mere irregularities in its exercise.

Another argument embodied in one of the propositions which the court refused to charge is, that in order to make a road public. the public benefit should be shown to overbalance the. private injury. But the exclusive jurisdiction to determine whether a road is a public benefit is entrusted to the county court, subject only to revision on a direct appeal. Its judgment cannot be called in question collaterally. The case of *Mc Whirter* v. *Cockrell*, 2 Head, 9, cited by the learned counsel, was the case of a direct appeal. If a public road, as laid off by the county court, ceased to be a public benefit, the remedy is by application to that court to close it. And mere non-user of the road for three years by the public will not, as contended for by the appellant in another proposition, work an abandonment of the public right, nor authorize the owner of the land to obstruct the road. *Elkins* v. *State*, 2 Hum., 543. The case of *Shelby* v. *State*, 10 Hum., 165, cited by the counsel, was where the county court had itself closed the greater part of the old road, and the part left was only used to water stock.

Another proposition was, in effect, that although the county court had laid off a public road by confirming the report of a jury of view, it would not become public unless there was some other act of the court looking to its opening, such as appointing an overseer, or assigning hands to work it. This is not the law if, as in this case, the road is actually opened

and used by the public. The authorities cited are cases where the road was claimed as public by dedieation.

Affirm the judgment.