CRAVENS, *et al., v.* ROSSITER, *Appellant.*

Division One, June 5, 1893.

1. **Deed**: JUDGMENT: PRIORITY. Where a deed executed by a judgment debtor is not delivered until after the date of the judgment, the latter will have priority over the deed.

2. ———: DELIVERY: ACCEPTANCE BY GRANTEE. The payment of a debt by the execution and delivery of a deed requires the assent of the grantee, and until he assents no title will pass.

3. ———: ———. The delivery of a deed by the grantor to the recorder does not constitute a delivery to the grantee, the recorder not being the grantee's agent and having no authority to accept it.

4. ———: ———: INTERVENING LIEN. Nor can the subsequent acceptance of the deed by the grantee relate back so as to defeat an intervening judgment lien against the land.

*Appeal from Greene Circuit Court.*

AFFIRMED.

*J. R. Vaughan* for appellant.

(1) It is the law of this state, that where a conveyance is delivered to the recorder of deeds for the purpose of having the same recorded, it is a delivery to the grantee. In all such cases an assent and accept-

ance by the grantee is presumed, where the instrument is on its face beneficial to the grantee, until an actual dissent is shown. *Major v. Hill,* 13 Mo. 248; *Pearce v. Danforth,* 13 Mo. 360; *Lumber Co. v. Anderson,* 13 Mo. App. 434; *Ensworth v. King,* 50 Mo. 482; *Rogers v. Cary,* 47 Mo. 235; *Burke v. Adams,* 80 Mo. 504; *Hall v. Hall,* 107 Mo. 101; *Snider v. Lackenour,* 2 Ired. Equity, 360; *Burt v. Cassity,* 12 Ala. 734; *Rendleman v. Willard,* 15 Mo. App. 380; *Merrils v. Swift,* 18 Conn. 257; *Lady Superior v. McNamara,* 3 Barbour's Ch. 375; *Scrugham v. Wood,* 15 Wend 545; *Young v. Gibeau,* 3 Wall. 636; *Tompkins v. Wheeler,* 16 Peters, 119; *Lessee of Mitchell v. Ryan,* 3 Ohio St. 377. *First.* By "beneficial in effect," is meant that the deed or mortgage upon its face is beneficial to the grantee. 1 Devlin on Deeds, sec. 289; *Hulick v. Scovil,* 4 Gilm 159–176. *Second.* It is not necessary that evidence should be offered to show affirmatively by the party asserting the delivery, that the deed in fact was beneficial. *Third.* "It is a familiar rule, that whatever is done for the benefit of a party is presumed to be done by his authority or to have been immediately adopted." *Thorne v. San Francisco,* 4 Cal. 170; Lawson on Presumptive Evidence, 303. (2) The recording of the deed not only affords evidence of the delivery of the same, but when properly executed and acknowledged raises a legal presumption of the fact; and to rebut this presumption the countervailing evidence must be clear and convincing. *Blight v. Schenck,* 10 Pa. St. 289; *Kilb v. Ege,* 79 Pa St. 15; *Alexander v. Alexander,* 71 Ala. 295. (3) "The rule that the grantor must part with all dominion and control over the deed, does not mean that he must put it out of his physical power to procure possession of it." If the deed is delivered to a third person without reservation, and with the intention that it shall take effect and from

that time operate as a transfer, it is sufficient. *Sneathen v. Sneathen,* 104 Mo. 210. (4) This doctrine of delivery and presumed acceptance applies as above stated, although attachments or other liens may intervene before actual knowledge and acceptance by the grantee. On this point see: *Majors v. Hill, supra, Pearce v. Danforth, supra; Ensworth v. King, supra.*

*Goode & Cravens* for respondents.

(1) The recording of the deed to William by Lemuel Rossiter was purely voluntary on the part of the latter; not done pursuant to any agreement between the two and Lemuel did not part with control over it, for he directed it returned to him. Hence, there was no delivery then to the grantee. Lemuel Rossiter retained control of the deed. *First.* "The delivery of a deed is complete when the grantor or obligor has parted with his dominion or control over it with intent that it shall pass to the grantee; provided that the latter assents to it either by himself or his agent." 2 Greenleaf's Evidence [14 Ed.], sec. 297; *Huey v. Huey,* 65 Mo. 689; *Hammerslough v. Cheatham,* 84 Mo. 20. "If handed to a third party it must be so held by him as to be beyond the control and right of dominion of the grantor." *Hammerslough v. Cheatham,* 84 Mo. *supra; Huey v. Huey,* 65 Mo. *supra.* "There must be a time when the grantor parts with his dominion over it; else it can never be delivered. So long as it is in the hands of a depository subject to be recalled at any time, the grantee has no right in it and can acquire none." *Huey v. Huey,* 65 Mo. *supra; Cobb v. Brown,* 34 N. H. 460. *Second.* William Rossiter did not know the deed was to be executed, and had not assented to it. "It is no delivery if grantor execute deed and record it without consent of grantee." *Cooper v. Jack-*

*son*, 4 Wis. 537; *Rathbun, v. Rathbun*, 6 Barb. 98 *Boody v. Davis*, 20 N. H. 140. *Third.* "Registration of deed will not supply the place of delivery unless grantee has assented to it." Martindale on Conveyancing, sec. 212; *Ins. Co. v. Sturgis*, 13 Gray 177; *Hawkes v. Pike*, 105 Mass. 560; *Maynard v. Maynard*, 10 Mass. 456; *Hadlock v. Hadlock* 22 Ill. 384; *Patterson v. Snell*, 67 Me. 559. *Fourth.* "The presumption of delivery which might arise from the recording of a deed is repelled by proof that it was made without the assent of the grantee, who had no knowledge of the existence of a deed." *Herbert v. Herbert*, 12 Am. Dec. 192; *Younge v. Guilbeau*, 3 Wall. 636; *Kingsbury v. Burnside,* 58 Ill. 310; *Hayes v. Davis*, 18 N. H. 500; *Commonwealth v. Jackson*, 10 Bush. 424; *Woodbury v. Fisher*, 20 Ind. 389; *Connor v. Baldwin*, 16 Minn. 172. (2) The subsequent acceptance of the deed by William Rossiter, when he acquired knowledge of it just before Christmas, as he swears, could not make the deed take effect as against plaintiffs from the date of the recording for two reasons: *First*, because when filed for record it was not delivered by Lemuel to any person for William, as the former retained control over it; *second*, because even if it was then delivered to the recorder for William before the latter knew of it, the judgment lien had attached, and the subsequent assent of the grantee could not relate back to the date of filing so as to take priority over the judgment and rights acquired thereunder. Martindale on Conveyancing, sec. 208; *Pearce v. Danforth*, 13 Mo. 360; *Bank v. Morse*, 73 Iowa, 174; *Day v. Griffith*, 15 Iowa, 104; *Bell v. Bank*, 11 Bush. Ky. 34; *Thompkin's Heirs v. Jackson*, 10 Bush (Ky.) 424; *Woobury v. Fisher*, 20 Ind. 387; *Goodsell v. Stinson*, 7 Blackf. 437; *Cobb v. Chase*, 54 Iowa, 196; 6 N. W. Rep. 300; *McPherson v. Featherstone*, 37 Wis. 642.

BLACK, P. J.—This was ejectment for a lot in the city of Springfield. E. T. Robberson conveyed the property to Lemuel Rossiter by a deed dated the twenty-first of April, 1887. The plaintiffs put in evidence a sheriff's deed to them dated the tenth of June, 1889, based upon a judgment rendered by the circuit court against Lemuel Rossiter on the nineteenth of December, 1888. The title of the defendant is a deed to him from Lemuel Rossiter dated the thirteenth and recorded the fifteenth of December, 1888. Though the deed from Lemuel to William Rossiter bears date and, was recorded a few days prior to the date of the judgment, still the claim of the plaintiff is that the deed to William was not delivered until after the date of the judgment, and for this reason the judgment has the priority.

At the date of the deed Lemuel Rossiter resided in Clay county. On the fifteenth of December, 1888, he handed it to the recorder of Greene county and requested the latter to record it at once. The recorder filed and recorded the deed, and pursuant to directions sent it to Lemuel Rossiter by mail on the eighteenth of that month. Lemuel received it at his home on the nineteenth, and on the same day forwarded it by mail to his brother William, the defendant, who resided at LaCrosse, Wisconsin. William says he was away from home at that time and did not get the deed until his return, shortly before Christmas. The recorder did not know the defendant, and there is no pretense that he was the agent of the defendant for any purpose whatever.

It appears Lemuel Rossiter owed his brother $2,000 borrowed in October, 1887, for which he gave his note, due in one year. He and the defendant both testified that the deed was made and accepted in payment of

this debt, though it seems William retained the note. The proof shows beyond all doubt that the deed was executed, recorded and forwarded to William without his knowledge. There had been no previous communication or correspondence between the brothers on the subject. Such are the undisputed facts.

The delivery of a deed is the final act, without which it cannot take effect as a transfer of the title. The delivery may be to the grantee himself or to a third person for him. "The delivery may be complete without the presence of the other party, or any knowledge of the fact by him at the time, if it be made to his previously constituted agent, or, if being made to a stranger the transaction is subsequently ratified." 2 Greenleaf's Evidence, sec. 297. There are many cases where an acceptance of the deed will be presumed, as where the deed is manifestly for the benefit of the grantor, as has been held in a number of cases in this court, but the principle can have no application here for several reasons. In the first place the question of delivery here does not stand on a presumption arising from the fact that the deed was recorded. The question is to be determined from all the facts disclosed by the evidence. In the next place, the evidence shows that the deed was made in satisfaction of the $2,000 debt. Unless made upon a valuable consideration it was fraudulent and void as to the creditors of the grantor. The payment of that debt by the execution and delivery of the deed required the assent of the grantee. It was for him to say whether he would accept the deed on such terms, and until he in some way gave his assent the deed could not and did not take effect as a transfer of title. Until then there was no delivery. Indeed, the delivery of a deed is the concurrent act of two parties.

The delivery of the deed to the recorder for the purpose of having it recorded, did not amount to a delivery to the defendant, for the recorder was not the agent of defendant, and hence had no authority to accept it. Besides this, he did not undertake to accept it for or in behalf of the defendant. He received it, recorded it, and transmitted it to the grantor. The grantor did not part with his dominion over the deed until after it had been recorded. It was said in *Pearce v. Dansforth*, 13 Mo. 360, that "the delivery of a deed by the grantor, for the purpose of having it recorded, may, under proper concurring circumstances, be regarded as a delivery to the grantee." And it was again said in *Burke v. Adams*, 80 Mo. 504, that "where the deed is duly executed, acknowledged and put to record by the grantor it is pursuasive evidence as against him, especially where the purchase money is receipted for, that he intended thereby to pass the title; and the act would constitute delivery so as to throw the burden on the grantor and his privies to show by clear countervailing evidence that it was not a delivery." These cases do not hold that delivery of a deed to the recorder constitutes a delivery to the grantee. They hold, and only hold, that it is some evidence of a delivery. Recording a deed by the grantor, without the grantee's knowledge or assent, does not of itself operate as a delivery of the deed. 1 Devlin on Deeds, sec. 290 and cases cited. There was, therefore, no delivery of this deed until the defendant received notice of its existence, and that was long after the date of the judgment.

It is true that the defendant ratified all that had been done by his brother by accepting the deed, and between the parties to the deed it would take effect as of its date, but the subsequent acceptance cannot relate

back so as to cut out the intervening judgment lien. *Parmelee v. Simpson*, 5 Wall. 81.

The case last cited is in many respects like the one in hand. In that case Parmelee claimed under a mortgage from Bovey and another, acknowledged and recorded on the seventeenth of a given month. Simpson claimed under a deed from Bovey, acknowledged and recorded on the fifteenth of same month. The court, speaking through Justice DAVIS, said: "The placing the deed on record was Bovey's own act, and done without the assent of Simpson. Under this state of facts there was manifestly no delivery. The execution and registration of a deed, and delivery of it to the register for that purpose, does not vest the title in the grantee. If Simpson had agreed to accept the deed in liquidation of his debt, and constituted the register his agent to receive it, then the delivery of the deed to the register would have been in legal contemplation a delivery to him. But it is said that he could ratify the acts of Bovey and the register. This is true, but he did not do this until after the execution and registration of the mortgage; and this ratification cannot relate back so as to cut out the mortgage. Simpson acquired no title until after the rights of the mortgagee had accrued, and he holds it encumbered with the lien of the mortgage."

It follows from what has been said that on the conceded facts the purchasers at the sheriff's sale acquired the title. It is therefore useless to examine the instructions. The judgment, which was for the plaintiffs, is affirmed. All concur.