DEPARTMENT OF HIGHWAYS *et al. v.* W. O. STEPP.

(*Nashville.* December Term, 1924.)

1. **COURTS.** Circuit court held not deprived of jurisdiction to condemn land for public road by private act conferring jurisdiction on county court.

Priv. Acts 1923, chapter 154, authorizing procedure by Coffee county road commissioner, similar to provisions in Public Road Laws since Acts 1881, chapter 38, for acquisition of rights of way, does not denude circuit court of jurisdiction, and confer exclusive jurisdiction on county court, to condemn land for public roads in proceedings, under Shannon's Code, section 1844 et seq., by State highway department, joined by such county, agreeable to Acts 1919, chapter 149, sections 7, 9, and Acts 1917, chapter 74, section 5, which do not prescribe procedure. (*Post, pp.* 684-686.)

Acts cited and construed: Acts 1919, ch. 149, secs. 7, 8, 9; Acts 1917, ch. 74, sec. 5; Acts 1923, ch. 154.

Cases cited and approved: State Highway Dept. v. Mitchell's Heirs, 142 Tenn., 64; Williamson Co. v. Turnpike Co., 143 Tenn., 646.

Code cited and construed: Sec. 1844 (S.).

2. **EMINENT DOMAIN.** Question of ''palpable abuse of power'' not for jury.

Courts, though unable to review legislative discretion of department of highways and counties to select and appropriate land for public highways, may prevent unlawful taking for sinister private scheme, in excess of amount authorized, or without authority to make appropriation, but charge that taking constitutes palpable abuse of power involves preliminary question of right to take, which presents no issue of fact for jury; ''palpable abuse of power'' meaning abuse of discretion, delegated by legislature, by attempted ap-

Department of Highways v. Stepp.

propriation with utter disregard of possible necessity for its use or as cloak of sinister private scheme. (*Post, pp.* 686-688.)

Cases cited and approved: Anderson v. Tuberville, 46 Tenn., 151; McWhirter v. Cockrell, 39 Tenn., 110; Williamson County v. Turnpike Co., 143 Tenn., 646.

3. **EMINENT DOMAIN.** Prejudice, malice, caprice or palpable abuse of power in location of highway held not shown.

Evidence that route of public road, offered by landowner, through his premises, was more suitable and could be more cheaply constructed than that adopted by highway department, *held* not to show that latter location was prompted by prejudice, malice, or caprice, or was palpable abuse of power, in view of testimony by department's and road commissioner's engineers as to suitability and cost of different routes. (*Post, pp.* 688, 689.)

4. **EMINENT DOMAIN.** Matters not assigned as error not considered.

Exceptions to report of jury of view, in highway condemnation proceedings, for inadequacy of compensation and want of jurisdiction in court, and adoption of value of land and incidental damages fixed by jury, cannot be considered, in absence of appeal from jury's findings and steps for new trial under Shannon's Code, section 1861, and assignment of error in adopting value and incidental damages fixed by it. (*Post, pp.* 689, 690.)

*Headnote 1. Courts, 15 C. J., section 418; 2. Eminent Domain, 20 C. J., sections 115, 116, 381; 3. Eminent Domain, 20 C. J., sections 115, 384; 4 Eminent Domain, 20 C. J., sections 476, 485 (1926 Anno).

FROM COFFEE.

Appeal from the Circuit Court of Coffee County.— Hon. R. W. SMARTT, Judge.

C. D. LAMB and EWELL & EWELL, for appellant,

J. D. MURPHREE and WARDEN & WARDEN, for appellees.

MR. JUSTICE COOK delivered the opinion of the Court.

According to the provisions of section 8, chapter 149, of the Acts of 1919, the highway commissioners of Coffee county, by approval of the county court, entered into an arrangement with the State department of highways and public works for the construction of the Dixie Highway across Coffee county.

The department of highways and public works exercising powers conferred by sections 7 and 9 of chapter 149 of the Acts of 1919, relocated some portion of the route previously selected by the county, and as relocated the survey covers 1.58 acres across the land of W. O. Stepp. To appropriate this strip of land for the highway, the State highway department, joined by Coffee county, agreeable to section 9 of chapter 149 of the Acts of 1919, and section 5 of chapter 74 of the Acts of 1917, commenced this proceeding in conformity with the provisions of section 1844 et seq. of Shannon's Code.

Defendant, Stepp, contests the right of the State highway department and Coffee county to condemn the land for use of the road. He challenges the jurisdiction of the circuit court upon the ground that chapter 154, Private Acts of 1923, denuded the circuit court of jurisdiction and conferred exclusive jurisdiction upon the county court in all matters pertaining to the condemnation of land for public roads. This Private Act of 1923, relied upon to denude the circuit court of jurisdiction, is limited in its application to Coffee county. The act prescribes procedure that may be adopted by the county

road commissioner for the acquisition of necessary rights of way for use in road building. Similar provisions are found in the Public Road Laws since chapter 38 of the Acts of 1881, and probably beyond that. Such acts were intended to simplify the procedure by the county road officials when it was found necessary to open, change, or relocate the county roads. They do not conflict with general laws which provide for taking private property for necessary public use. By the provisions of the act under which the county and State joined in a common purpose to construct this highway, the discretion to select the route and supervise the construction lies in the State highway department, and under the provisions of section 9 of chapter 149 of the Acts of 1919, the county is given power to acquire for the benefit of the State the necessary rights of way, either by purchase or the exercise of the power of eminent domain, and if the counties do not provide the rights of way the State highway department is expressly authorized to condemn land for highway construction. The power of eminent domain may, of course, be directly exercised by the sovereign, or it may be delegated, and when the legislature does not otherwise prescribe the mode of procedure to be adopted by the State, it should proceed in the manner prescribed by the general law.

The State highway department by authority of the acts of 1917 and 1919, instituted this proceeding. These acts do not prescribe the mode of procedure and must be considered as having been passed with reference to the established mode of procedure under section 1844 et seq., of Shannon's Code. *State Highway Department* v. *Mitchell's Heirs*, 142 Tenn., 64, 216 S. W., 336; *William-*

*son County* v. *Turnpike Co.*, 143 Tenn., 646, 647, 228 S. W., 714.

The assignments of error which relate to the action of the trial judge overruling the defendant's plea to the jurisdiction of the circuit court cannot be sustained. The State was proceeding in the manner prescribed by law. After dismissal of the plea and demurrer to the jurisdiction in their proper sequence, the defendant filed an answer, in which he denied the right of the petitioners to condemn the land for road purposes. The answer averred that the road as located ran through a field in the rear of his residence and store on a route other than that formerly chosen by the county before the contract with the State highway department, and that this change was not made for the public welfare, but conceived in prejudice, caprice, and malice, and will work irreparable injury to the defendant; and that the attempt to take his land for this new location of the route is "a palpable abuse of power."

A jury was demanded to try the issue presented by the answer. Following the answer, a jury of view was appointed, who went upon the land and assessed the value of the one and fifty-eight hundredths acres at $350, and the incidental damages at $250. The defendant excepted to the report, because (1) the court was acting without jurisdiction; (2) for inadequacy of the damages; (3) because there was no public necessity for taking the land. At this point of the proceeding the petitioners joined with the defendant in a motion to set aside the report of the jury of view, and have a jury determine the issue tendered by the answer as to the right of petitioners to condemn. Evidence was submitted upon this

as an issue, at the conclusion of which the trial judge held that there was no evidence to sustain the charge that the petitioners were acting from prejudice, caprice, and malice, and in the exercise of a palpable abuse of power, and that the preliminary inquiry presented no issue of fact for a jury.

The trial judge correctly held that this was not a question for submission to a jury. The State was exercising the power of eminent domain through the department of highways and public works and Coffee county, agencies designated by the legislature to select and appropriate land for the public highway. When the power was delegated to these agents, and they exercised it in the manner prescribed by law, for the purpose of acquiring the right of way for the public road, the landowner could not challenge the power to take for public use, nor contest such questions as the utility of the improvement, the choice of the route, and the necessity for taking, because these are legislative questions which the courts cannot review. *Anderson* v. *Tuberville,* 6 Cold., 151; *McWhirter* v. *Cockrell,* 2 Head, 110. While the courts could not review the legislative discretion which inheres in those agencies clothed with authority to exercise the power of eminent domain, questions arise in condemnation cases which invite judicial inquiry, but afford no issue of fact for a jury. When the preliminary question, involving the power to condemn, is presented to the court, while it cannot supervise the selection of the location nor deny the appropriation if legally applied for, it may pass upon the legality of the demand and prevent an unlawful taking.

If, for instance, it appeared that the agency or arm of the State was taking private property ostensibly for public use, but in fact from some sinister private scheme, or if it was attempting to appropriate more than the law authorized, or if one not authorized to make the appropriation was attempting to exercise the power, the court would deny the right to take. But these and many like instances involve questions of law and not of fact for a jury. If the condemnor is such an agency as under the law of eminent domain may exercise the powed to take, and if the land sought is such as it may appropriate, the power to condemn cannot be denied by the court. The preliminary question of the right to condemn presents no issue of fact for a jury. *McWhirter* v. *Cockrell,* 2 Head, 110; *Williamson County* v. *Turnpike Co.,* 143 Tenn., 646, 647, 228 S. W., 714.

The term "palpable abuse of power" is said to be an abuse of the discretion, delegated by the legislature, by an attempted appropriation in utter disregard of the possible necessity for its use, or a use of the power as the cloak of some sinister private scheme. The charge that the act of taking, on the part of the county, constitutes a palpable abuse of power, is a matter for the determination of the court and involves the preliminary question of the right to take. 10 R. C. L., section 159, p. 184.

A review of the evidence does not sustain the charge that the location was prompted by prejudice, malice, or caprice; nor does it show palpable abuse of power. The defendant offered evidence to the effect that the route, through his premises, which he offered to give, was more suitable than that adopted by the highway department,

and could be constructed for less cost. The civil engineers operating for the department and Commissioner Bramlett testify that the location adopted by the highway department is the better and cheaper way, and was adopted by the engineers of the State highway department and the federal government. It appears that if the route contended for by defendant should be adopted, it would be necessary to construct a rock wall some one hundred feet along a branch in order to protect the highway from excessive floods, and that an additional angle must be added to a bridge at extra cost. Estimates show that the route adopted by the highway commissioners can be constructed for $8,600 less than the route offered by the defendant.

Such a controversy between the landowner and the agency of the State seeking to take land for public use cannot be treated as a litigious issue of fact, otherwise every condemnation proceeding would involve a long sharp controversy between the landowner and the State, not only as to whether the taking was for the public good, but as to the choice of a location with the ultimate choice lodged in a jury.

After disposing of this question adversely to the defendant's contention, the trial judge again appointed a jury of view, who went upon the premises and assessed the value of the land at $350 and the incidental damages at $250. Exceptions were filed to the report of the jury: (1) Because the compensation was inadequate; (2) because the court had no jurisdiction to try the cause. But the defendant did not appeal from the finding of the jury, and no steps were taken to have a trial anew under the provisions of 1861 of Shannon's Code.

150 Tenn.—44.

A motion for a new trial was presented setting forth: (1) That the evidence preponderates against the verdict. (2) That the court committed error in denying the right of a jury trial to determine the power to condemn. (3) For error is not holding the acts of 1917 and 1919 unconstitutional. (4) For error in excluding certain evidence, and for error in taxing the defendant with certain costs. The motion was overruled, the damages assessed by the jury adjudged against Coffee county, and appeal prayed and granted.

There is no assignment of error to the action of the court in adopting the value fixed by the jury as compensation for the land, and incidental damages. The only questions presented on appeal are those challenging the jurisdiction of the circuit court to condemn, at the instance of the petitioners, the constitutionality of the acts of 1917 and 1919, and the refusal of the court to submit to the jury the question of palpable abuse of power in the effort to take, and because of the erroneous taxation of costs against defendant.

We find no error in the action of the trial court.

Affirmed.