Justus *et al. v.* McMahan *et. al.*

(*Knoxville,* September Term, 1949.)

Opinion filed December 17, 1949.

Rehearing Denied February 10, 1950.

HOMER A. GODDARD, of Maryville, R. L. OGLE, of Sevierville, for plaintiff in error Roy McMahan and others.

WYNN & WYNN, B. A. TOWNSEND and E. E. CRESWELL, of Sevierville, for defendant in error Gene Justus and others.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This case involves the right to open a public road under condemnation proceedings by the Sevier County

Highway Department pursuant to Chapter 10 of the Private Acts of 1933.

Section 19 of the Act provides among other things: "That the County Road Superintendent shall have power and authority, in the name of the county, to condemn under the laws of eminent domain, all lands necessary for roads, . . . ."

Section 20 of the Act provides: "That all applications to open, change, close or restore to the public use any and all roads shall be made by written petition to the County Road Superintendent, stating the district or districts in which the road is located, giving complete description of the present road and the proposed changes, and the names of the land owners to be affected, . . . ."

Upon the filing of the petition the Superintendent is required to notify the first person named on the petition that he will be present on the property a day certain to view the changes applied for "and if he decides the proposed change is for the best interest of the county, assess whatever damages there may be, if any, against the county, and report in writing his action thereon to the Judge or Chairman of the County Court". It is further provided: "Any parties or party affected may within ten days from the day of entry of the decision or judgment . . . appeal to the next term of the Circuit Court, upon execution of proper appeal bond."

The County Highway Superintendent complied with the law and a judgment of condemnation was properly entered, and damages awarded. It appears from the record that the appellant, Roy McMahan, stated that he did not desire to offer proof touching the question of damages, but only questioned the right of the county to take said property by condemnation.

A writ of possession was issued by the Chairman of the County Court upon the execution of a bond in the sum of $1,000, from which judgment Roy McMahan prayed an appeal to the circuit court of Sevier County. A writ of *certiorari* and *supersedeas* was issued upon the fiat of the circuit judge.

When the case was later heard by the circuit judge he entered a judgment sustaining the right to take possession of the land under the power of eminent domain. The writs of *certiorari* and *supersedeas* were quashed upon motion of the Superintendent's counsel. The judgment of the county court was affirmed in all things, except the amount of damages awarded, which according to the court's opinion was deferred "until the regular July 1949 term of this Court".

The case is before us on petition for *certiorari* and *supersedeas* which was granted by a member of this Court.

There are two assignments of error as follows:

"1. The learned Trial Judge erred in holding that the petitioner herein, Roy McMahan, and the defendant in said case, had no right to contest the opening of said road at the place and under the circumstances, and in holding that the opening of the road was a legislative matter not subject to review by the Courts."

"2. The learned Trial Judge erred in holding that the defendant, Roy McMahan, the petitioner herein, had no right to appeal from the final decision made by the Court appropriating the land of this defendant as an easement for highway purposes. Under the law this was a final decree and under the Statutes of the State of Tennessee the defendant, Roy McMahan, had a right to appeal from the decision of the Court appropriating

his land. The learned Trial Judge erred in refusing the appeal.''.

As we understand the contention of the appellant, the right of Sevier County to open the road is questioned solely upon the ground ''that the defendant land owner has a right to contest the question as to whether or not it is for the best interest of the county to open the road and condemn the land''. No question is made of any lack of authority in Sevier County to open roads, and condemn land for road purposes under the Private Act to which we have made reference. Indeed its authority to do so cannot be questioned.

The chief complaint by appellant is that the trial judge denied him the right to offer proof to sustain his contention that the road in question was not needed; that the opening of the road was not for the best interest of the county. The land owner's rights and interests under the statute are fully protected. He has the right of appeal from the action of the Road Superintendent to the county judge and from that court to the circuit court, in which latter tribunal there is a hearing *de novo*. The cases cited by appellant sustain this view. *Gilson* v. *State*, 73 Tenn. 161; *Patton* v. *Clark*, 17 Tenn. 268; *Towson* v. *Debow*, 37 Tenn. 193; *Shields* v. *Greene County Justices*, 42 Tenn. 60, 62, and other cases. There is no doubt but that the land owner upon his appeal to the circuit court may raise the question of the power of the condemnor to exercise the right of eminent domain, also that the condemnation proceeding is fraudulent; he may further defend on the ground that the taking is for some private individual and not for any public purpose. But we do not understand that the property owner is given the right to have a hearing *de novo* in

the circuit court upon the issue of *what is for the best interest of the public,* the trial judge substituting his judgment for that of the county highway authorities.

In *Department of Highways* v. *Stepp,* 150 Tenn. 682, 688, 266 S. W. 776, 777, the land owner interposed the same defense that appellant does in the instant case. While proof was offered by him to the effect that the route through his premises, which he offered to give, was more suitable yet the Court held that the issue was not a question for the jury. In speaking of the power to appropriate the land it was said:

"If the condemnor is such an agency as under the law of eminent domain may exercise the power to take, and if the land sought is such as it may appropriate, the power to condemn cannot be denied by the court. The preliminary question of the right to condemn presents no issue of fact for a jury. *McWhirter* v. *Cockrell,* [39 Tenn. 9] 2 Head, [9]; *Williamson County* v. [*Franklin & Spring Hill*] *Turnpike Co.,* 143 Tenn. [628], 646, 647, 228 S. W. 714.

.   .   .   .   .   .

"Such a controversy between the landowner and the agency of the state *seeking to take land for public use cannot be treated as a litigious issue of fact,* otherwise every condemnation proceeding would involve a long sharp controversy between the landowner and the state, not only as to whether the taking was for the public good, but as to the choice of a location with the ultimate choice lodged in a jury." (Italics ours.)

In *Williamson Co.* v. *Franklin & Spring Hill Turnpike Co., supra,* it was held [143 Tenn. 628, 228 S. W. 719]: "It is everywhere settled that, in the absence of a clear and palpable abuse of power, *the determination of the*

*necessity for the taking and what property shall be taken is not a question for the judiciary,* but for the Legislature or the body to whom the right of eminent domain is delegated by it. 10 R.C.L., Section 158." (Italics ours.)

We cannot deny that in numerous instances the courts have felt bound to interfere to prevent an abuse of discretion delegated by the legislature, as where the condemnor uses its power as a cloak to hide some sinister scheme. But that issue is not before us in the present controversy.

█ Since it clearly appears from the record that the Highway Superintendent acted entirely within the law, and all proceedings by him as well as the Chairman of the County Court, were in strict conformity to its provisions, the trial judge was correct in holding that the issue of what was for the best interest of the county was not for the court to decide, *Department of Highways* v. *Stepp, supra.*

█ Responding to the second assignment of error we pretermit any consideration of the right of appeal generally in condemnation cases and the authorities relating thereto. We confine our decision to the facts of the instant case, holding that the trial judge was not in error in denying an appeal from his action in excluding the evidence offered by appellant in support of his contention that the opening of the road was not in the public interest.

The judgment of the circuit court is affirmed. The case, however, is remanded for the awarding of damages as just compensation for the land taken.

All concur.