McMahan *et al.* *v.* Holt.

(*Knoxville*, September Term, 1950.)

Opinion filed June 16, 1951.

Wynn & Wynn, B. A. Townsend, David M. Pack and E. E. Creswell, all of Sevierville, for appellants.

Hugh C. Simpson, of Knoxville, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This cause arises out of a condemnation proceeding between the same parties in a suit now pending in the Circuit Court of Sevier County. The present cause comes as a result of a bill in chancery filed by the landowners alleging that the establishment or restoration of the road in question was not for the public interest and that defendants had a sinister purpose in restoring the road. The defendants filed a plea setting out all of the condemnation proceedings in the Circuit Court. The Chancellor sustained the plea in all respects except that the complainants might introduce evidence on the issue of whether or not the taking of the rights of way in question is in the public interest. The case was before us in *Justus* v. *McMahan,* 189 Tenn. 470, 226 S. W. (2d) 84, 85, in which the Court said: "The chief complaint by appellant is that the trial judge denied him the right to offer proof to sustain his contention that the road in question was not needed; that the opening of the road was not for the best interest of the county. The land owner's rights and interests under the statute is fully protected. He has the right of appeal from the action of the Road Superintendent to the county judge and from that court to the circuit court, in which latter tribunal there is a hearing de novo. The cases cited by appellant sustain this view. *Gilson* v. *State,* 73 Tenn. 161; *Patton* v. *Clark,* 17 Tenn. 268; *Towson* v. *Debow,* 37 Tenn. 193; *Shields* v. *Greene County Justices,* 42 Tenn. 60, 62, and other cases. There is no doubt but that the land owner upon his appeal to the circuit court may raise the question of the power of the condemnor to exercise the right of eminent domain, also that the condemnation proceeding is fraudulent; he may further defend on the ground that the taking is for some private individual and

not for any public purpose. But we do not understand that the property owner is given the right to have a hearing de novo in the circuit court upon the issue of what is for the best interest of the public, the trial judge substituting his judgment for that of the county highway authorities.''

The question as to whether the taking is for a private or public use is not before the Court. The right of a judicial determination by a court of chancery of the question of what is in the public interest is a legislative matter not of judicial cognizance of the Chancery Court.

It was said in *Justus* v. *McMahan*, supra: ''Where highway superintendent acted entirely within statute and all condemnation proceedings by him as well as chairman of county court were in strict conformity to its provisions, issue of what was for best interests of county was not for circuit court to decide.''

We therefore are of the opinion that the lower court was in error in its decree in holding that complainants may introduce evidence on the issue of whether or not the taking of the right of way is in the public interest, that this was a matter for the county court and the circuit court where the law case is pending.

It results that the decree of the Chancellor must be reversed and the bill dismissed.

All concur.