A. P. HARKINS, PAUL SHIPLEY AND J. M. NELSON, *v.* IRBEY L. RAMSEY *et al.*

(*Knoxville,* September Term, 1954.)

Opinion filed November 16, 1954.

HAL H. CARR, of Blountville, for appellants.

CLIFFORD E. SANDERS, JACKSON C. RAULSTON, EDWIN O. NORRIS and FRANK MOORE, all of Kingsport, for appellees.

Mr. Justice Prewitt delivered the opinion of the Court.

The Chancellor granted the complainants relief sought and defendants have appealed.

In the consideration of this cause the following stipulation was entered into between the parties:

"It is agreed that the right-of-way over the land of the Defendants which is described in the original bill is a public road as insisted by the original Defendant, Martha Ramsey, in her answer filed in this case."

The original bill was filed on September 2, 1953, seeking to widen an alleged private right-of-way, being approximately 10 feet wide, to approximately 30 feet in width under Williams' Tennessee Code, Sec. 2746. This relief was sought in order that the complainants might obtain the approval from the Sullivan County Planning Commission, for a subdivision which they had intended to subdivide. This approval was denied by the Sullivan County Planning Commission until such times as the complainants could obtain better access to the property being subdivided, this 10-foot right-of-way over the lands of the defendants being the only means of access to the property of complainants. The original defendant, Martha Ramsey, insisted in her answer that complainants were not entitled to condemn the property in as much as the 10-foot right-of-way over her lands was a public road, and not a private right-of-way.

Following the filing of the answer the above stipulation was entered into between the parties in question. The court entered a decree which was filed on April 26, 1954, which provided, inter alia:

"It is therefore, ordered, adjudged, and decreed by the Court that the roadway running through the lands of defendants, as described in the bill is a public road subject to use by the general public, *free of obstructions and without interference from the Defendants.*"

This decree was signed by the Chancellor over the protest of the defendants. This appeal resulted and the question arises, "Can a private individual maintain gates or obstructions across a public road?"

The complainants insist that a public road is, by definition, free from obstructions.

Under Section 2956, Williams' Tennessee Code, it is provided:

"County courts are empowered to *permit* the erection of gates across public roads of the third and fourth class when, in their judgment, it will be manifestly to the advantage of the applicant, and not materially to the prejudice of the public."

■ We are of the opinion that this statute is the only method by which a gate or obstruction may be erected or placed on a public road. *Gilson* v. *State,* 73 Tenn. 161.

*(2)* The unlawful erection of a gate or obstruction across a public road is a nuisance which may be abated by the public authorities. 25 Am. Jur. 584, Sec. 291; *Elkins* v. *State,* 21 Tenn. 543.

We are of the opinion that the words added by the Chancellor in the decree complained of by the defendants

are simply explanatory and do not conflict with the provisions of the stipulation.

The assignments of error are overruled and the decree of the court below is affirmed.