Paul RAGAN et al., Appellants,

v.

Basil Lavern RAGAN et al., Respondents.

No. 53747.

Supreme Court of Missouri,
Division No. 1.

Sept. 8, 1969.

Motion for Rehearing or to Transfer to Court
En Banc Denied Oct. 13, 1969.

Burrus & Burrus, Rufus Burrus, Independence, for appellant.

Robert J. Mann, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, for respondents.

SEILER, Presiding Judge.

Plaintiffs brought an action to quiet title to 60 acres in Jackson County by adverse possession and alleged alternatively they were entitled to the reasonable value of the improvements they had made. Defendants defended and counterclaimed that they had title under a deed as remaindermen following the death of the life tenant, who was one of the plaintiffs. The findings and judgment of the trial court were against plaintiffs on their petition and in favor of defendants on their counterclaim. We affirm.

The deed in question, from Josephine F. Webb, the aunt of plaintiff Paul Ragan, was dated October 26, 1931, acknowledged the same date, and was recorded November 9, 1931. It conveyed the premises to James D. Ragan, trustee, for the benefit of Paul

Ragan for life with remainders to the defendants or their predecessors in interest. Plaintiff Paul Ragan died August 6, 1966, and the action was carried on by his co-plaintiff and widow, Bessie Ragan.

There was no question as to the genuineness of the deed, and having been acknowledged and recorded, it was properly in evidence, Sec. 490.410, RSMo 1959, V.A.M.S. Plaintiff tried to avoid the disastrous result which would befall the claim of adverse possession if the deed were effective to create a life tenant and remaindermen relationship between Paul Ragan and the defendants, Salmons' Admrs. v. Davis, 29 Mo. 176, 181; Crismond v. Kendrick, 325 Mo. 619, 29 S.W.2d 1100, 1110, and Klorner v. Nunn (Mo.Sup.) 339 S.W.2d 838, 840,[1] by contending there was no delivery of the deed and no acceptance by the trustee, James Ragan. The trial court made findings of fact and law against plaintiff on these issues, finding the deed was in fact delivered to James Ragan, who by conduct and implication initially accepted the position and responsibilities of trustee under the instrument, and that the plaintiffs did in fact enter possession and occupancy under Paul Ragan's claim of equitable interest as life tenant.

There is ample evidence in the record to support the findings made below on the disputed issues of fact in this court-tried case. We are not to set aside the judgment unless it is clearly erroneous and are to give due regard to the opportunity of the trial court to judge the credibility of the witnesses, Rule 73.01(d), V.A.M.R.

■ In view of the recording statute, the recording of the deed does create a presumption or prima facie case of delivery, Rebmann v. Rebmann (Mo.Sup.) 384 S.W.2d 663, 665 and Wilkie v. Elmore (Mo.Sup.) 395 S.W.2d 168, 172. The recording of the deed does not itself operate as delivery, but it is some evidence of delivery, Cravens v. Rossiter, 116 Mo. 338, 22 S.W. 736, 737. The intent to deliver may be manifested by words or acts or both, Cleary v. Cleary (Mo.Sup.) 273 S.W.2d 340, 346, and where the case turns on the question of delivery of a deed, the burden of showing non-delivery rests on the party who seeks to invalidate the deed on the ground there was no delivery, Cleary v. Cleary, supra, 273 S.W.2d l. c. 346. Here there was evidence that both Josephine F. Webb, the grantor, and James Ragan, the trustee, had told Bessie and Paul Ragan that the aunt, Mrs. Webb, had given him a farm of 60 acres. It was in response to this information that Mr. and Mrs. Ragan moved into the house on the property and, of course, by the recording they had constructive notice of the contents of the deed, Chambers v. Chambers, 227 Mo. 262, 127 S.W. 86; Prewitt v. Prewitt, 188 Mo. 675, 87 S.W. 1000. The deed was found by a daughter of James Ragan after his death. It was in an envelope addressed to him and found in his home among papers and belongings of both James Ragan and the aunt, Mrs. Webb, who lived in the James Ragan home during her last years. The relationship between James Ragan and his aunt was close and he took care of her business. Mrs. Jessie Ragan, widow of the father of Paul and James Ragan, testified Mrs. Webb said she wanted to be certain Paul would always have a place to live and at the same time wanted to prevent him from disposing of the property. Mrs. Jessie Ragan testified further plaintiffs had said they did not want to improve the tract because of their limited interest in it. There was other evidence to the same effect.

■ Acceptance is necessary to the validity of a deed, but acceptance may be shown by acts and conduct of the grantee, Jones v. Jefferson, 344 Mo. 606, 66 S.W.2d 555, 560. There was evidence here that James Ragan, the grantee, knew of the deed and either had it in his possession or that it was in the joint possession of Mrs. Webb

1. These cases hold the statute of limitations does not run against the remainderman until the death of the life tenant.

and him. James Ragan was not diligent in seeing that the taxes were paid each year before becoming delinquent, which was a duty placed on him by the trust deed. This neglect on his part does not mean, however, that he did not accept the deed. He knew that Paul Ragan and wife were living on the premises. The taxes were kept up by them, although usually paid late. The evidence supports the trial court's finding that James Ragan knew of his appointment as trustee. His acceptance is presumed until the contrary is proven, which was not done here, Williams v. Hund, banc, 302 Mo. 451, 258 S.W. 703, 708.

Judgment affirmed.

STORCKMAN, J., and HENLEY, Alternate Judge, concur.

HOLMAN, J., not sitting when cause was submitted.

PER CURIAM:

■ In their motion for rehearing, appellants assert the court has failed to pass on their claim under Count II that if they lost on the issue of title under Count I, they were nevertheless entitled to the value of the improvements which they made in good faith. They argue the opinion fails to point out where the evidence sustains a finding the improvements were not made in good faith and cite law to the effect there must be actual notice of a defect, not constructive notice such as a recorded instrument of which no actual knowledge was had by those making the improvements.

The trial court found as a fact that plaintiffs entered possession and occupancy under Paul Ragan's claim of equitable interest as a life tenant and did not in good faith believe they had a fee simple interest. The opinion points out that Mrs. Jessie Ragan, who knew the aunt, Mrs. Webb, and the two nephews, James and Paul, testified plaintiffs had said they did not want to improve the tract because of their limited interest in it, and states there was other evidence to this effect without detailing it (specifically, it was from James Ragan's daughter and Paul Ragan's son, as to admissions by plaintiffs of their limited interest in the property).

The motion for rehearing or to transfer to the court en banc is overruled.