Herman **FRITZ**, Plaintiff-Appellant,

v.

Josephine **FRITZ**, Executrix of the Estate of Albert Fritz, Deceased, Defendant-Respondent.

No. 34269.

Missouri Court of Appeals,
St. Louis District.

March 28, 1972.

Hale W. Brown, Kirkwood, for plaintiff-appellant.

Sen. Earl R. Blackwell, Dearing, Richeson, Roberts & Wegmann, Nicholas G. Gasaway, Hillsboro, for defendant-respondent.

BRADY, Chief Judge.

Plaintiff instituted this action to recover damages for fraud occasioned by the defendant's allegedly wrongful recording of a warranty deed and subsequent order of execution thereon to satisfy a previous judgment against the plaintiff. The case was tried without a jury. The court found for the defendant. We affirm.

The facts as stipulated by both parties are that a partition sale of certain land was conducted in 1955. Plaintiff desired to purchase one of the parcels sold consisting of .548 acre but did not have the funds at that time. Defendant purchased the land for him and gave plaintiff an option to purchase the property within one year for $1,500. Plaintiff exercised the option and paid defendant $1,500. Defendant thereafter repeatedly tried to deliver a deed for the .548 acre to plaintiff who refused to accept it demanding instead a deed conveying a full acre.

In 1962 plaintiff conveyed to another person a full acre of land which included the .548 acre tract. The conveyance was accomplished by pasting on the deed a cutout piece of paper bearing defendant's signature. In December 1962 defendant sued plaintiff for fraud and recovered $250 actual and $3,000 punitive damages. In this same action the deed by which plaintiff attempted to convey to a third party was declared null and void. On February 16, 1963 defendant had a warranty deed recorded conveying the .548 acre to plaintiff. This deed was never delivered to plaintiff and he was never informed of its existence. That same day defendant by order of execution caused said property then in plaintiff's name to be sold at a sheriff's sale to satisfy the judgment. Defendant purchased it through a straw party.

Pursuant to a pre-trial agreement, all the evidence was to be submitted by stipulation whereupon each party was to be given time to file a brief and the court would take the matter under advisement. The so-called stipulation of facts did not consist of an itemized list of facts signed by counsel but instead consisted of each counsel dictating in narrative form into the record and agreeing orally to the narration dictated by opposing counsel. The transcript filed with this court is a written record of this procedure. This procedure, so conducive to inherent inexactness and over-

sight, had its inevitable result when, briefs being called for by the trial court, the defendant's[1] brief was found to contain a statement not found in the agreed statement of facts. It was: "How can Herman Fritz [plaintiff] * * * be heard to deny acceptance when he took absolute possession of the premises, exercised complete dominion thereover, and asserted his title to all the world, including the sheriff who was compelled to evict him repeatedly while Herman [plaintiff] all the while proclaimed that he had a deed to the premises."

To further complicate the proper presentation of this appeal there were some exhibits admitted or agreed to be admitted into evidence. The transcript does not even disclose that such were marked and offered let alone that they were admitted. Nevertheless the trial court recited that it found the facts from "* * * Stipulation and exhibits filed on February 26, 1971", the date of trial. Among the exhibits furnished to this court was a copy of an affidavit by the plaintiff wherein he swore that: "He lived on the following described track (sic) of land for eight years * * *." The land then described is the .548 acre here involved.

In his brief plaintiff does not deny he took possession of this property and exercised dominion over it as alleged by the statement found in defendant's brief. Neither does he attack the affidavit as improperly considered, nor does he deny its execution or that the statement he lived on this property for eight years is correct. Plaintiff instead contents himself with the allegation in the argument portion of his brief that the fact of his physical possession of the property does not appear in the transcript; i. e., the "stipulation of facts", and therefore cannot be considered. He argues that the trial court, while recognizing this evidence was not included in the stipulation, obviously and wrongfully considered it in arriving at its decision since it based that decision in part upon the fact

---

1. Defendant's counsel on appeal was not counsel at trial.

plaintiff "* * * did take physical possession of the real estate * * *." He does not mention the affidavit at all. His one allegation of prejudicial error is that there is insufficient evidence to support the trial court's decision. We do not agree.

It is unnecessary to determine whether the fact plaintiff took possession of this land was properly before the trial court either by reason of the exhibit (affidavit) or the statement contained in defendant's brief. We hold there was sufficient evidence to support the trial court's decision without reliance upon either.

The necessity of delivery of a deed to the grantee or someone for him in order to pass title is well established. Donnelly v. Robinson, Mo.1966, 406 S.W.2d 595. In order to have delivery there must be an acceptance by the grantee. Acceptance may be shown by acts and conduct of the grantee. Ragan v. Ragan, Mo.1969, 445 S. W.2d 825. Where the case turns upon the question of delivery of a deed the burden of showing non-delivery rests on the party who seeks to invalidate the deed on the ground there was no delivery. Cleary v. Cleary, Mo., 273 S.W.2d 340, l. c. 346.

In the instant appeal an option agreement for the purchase of .548 acre of land was signed by both parties, and it was pursuant to that option that plaintiff paid the $1,500, the purchase price for the property called for by the option agreement. While plaintiff refused physical acceptance of the deed, he exercised dominion over the property by trying to convey the property to another. Such acts and conduct on the part of the plaintiff show an acceptance of the deed, Ragan v. Ragan, supra; illustrate clearly plaintiff failed to bear his burden of proving non-delivery, Cleary v. Cleary, supra; and constitute sufficient evidence to affirm the trial court's decision.

The judgment is affirmed.

DOWD, SMITH, SIMEONE and WEIER, JJ., concur.