CORA (MRS. FIELD A.) ZUMWALT, nee FORBIS; MR. FIELD A. ZUMWALT, her husband; EVA LUCILLE MANCHESTER, nee FORBIS, and ROBERT FAIRHURST MANCHESTER, her husband; AMBROSE LUTHER FORBIS, JR., a single man, and MAUD SUSIE (MRS. AMBROSE LUTHER) FORBIS, Appellants, v. THOMAS WALLER FORBIS and NORA FORBIS, his wife; MRS. EDNA OWEN, nee FORBIS; MRS. T. L. (FOSHA) NICHOLS and MR. T. L. (FOSHA) NICHOLS, her husband; ULA MORRIS, nee Forbis, and all of the heirs, executors, administrators, devisees, trustees and assigns, immediate and remote, known and unknown, of Lucy Ann Forbis, Clyde Forbis, Van Forbis, and Ambrose Luther Forbis.—163 S. W. (2d) 574.

Division One, June 3, 1942.

Rehearing Denied, July 1 1942.

*John T. Harding, Charles W. Hess, Jr.,* and *Harding, Murphy & Tucker* for appellants.

*Ralph Alexander* and *Irwin, Bushman & Buchanan* for respondents.

 DOUGLAS, P. J.—This is an action in equity to set aside a deed, to decree heirship, and to quiet title to the northeast quarter of the northwest quarter of Section 17, Township 46, Range 12 in Boone County, Missouri.

This property was owned by Lucy Ann Forbis who died July 24, 1940. The next day after her death a deed conveying this property known as the "farm" to her son, Thomas Waller Forbis, was filed for record. Thereafter, this suit was instituted to set aside this deed and to adjudge title in the heirs of the deceased. The chancellor decreed title in defendant Thomas Waller Forbis and dismissed the petition. From this decree plaintiffs have appealed. The defense in the case was conducted in behalf of defendant Forbis, so the defendants will be referred to collectively merely as defendant.

Plaintiffs assign as error rulings on the admission of evidence and contend that on proper evidence there was no proof of the delivery of the deed, and hence no effective conveyance.

 Plaintiffs assume that the burden of proof as to the nondelivery of the deed which they are seeking to set aside was upon defendant. However we find the rule to be otherwise. "A party, either plaintiff or defendant, who seeks to invalidate a deed must affirmatively prove the invalidity or irregularity. If the denial of the validity is based upon nondelivery, the burden of proving nondelivery is upon one who seeks to set aside the deed." [16 Am. Jur., Deeds, sec. 372.] ". . . where nondelivery is alleged, the burden of proof is on the one claiming nondelivery. . . ." "When the circumstances are such as to give rise to a presumption of delivery, the presumption is rebuttable, and the burden of overcoming such presumption rests on the person who denies delivery." "Where a grantee is in possession of a deed which has been duly executed, the presumption arises that it has been duly delivered, and the burden of proof rests on the party disputing the presumption." [26 C. J. S., Deeds, secs. 183 and 184.]

The only evidence in plaintiffs' case in chief, in addition to proof of the heirship of the parties, was that Lucy Ann Forbis, the grantor of the farm, died on July 24, 1940, and the deed in question, acknowledged on November 23, 1936, was recorded ▮ after her death, on July 25, 1940. Such evidence does not sustain the burden imposed on plaintiffs. Even though the deed was not recorded until after the grantor's death that fact "is not of itself sufficient to show nondelivery." [26 C. J. S., Deeds, sec. 204.]

Defendant, however, did not stand on plaintiffs' failure to make a case but introduced evidence in his behalf to show delivery of the deed. His evidence shows that after Lucy Ann Forbis, the grantor, became a widow she lived with him on the farm which he was operating. After a few years, one of her daughters, a Mrs. Owen, became a widow and moved to Ashland and settled on property which her mother, the grantor, owned in that town and then her mother moved into Ashland and lived with her. This situation continued for about ten years until the mother's death. Defendant produced a Mr. Scott of Ashland, a notary public, a deputy assessor, who also conducted an insurance business. He testified he had known the grantor and had done business with her. On one occasion she asked him to prepare a deed of the town (Ashland) property to her daughter, Mrs. Owen, and a deed of the farm, the land in question, to her son, the defendant. Scott obtained from her old deeds to these properties in order to have the correct descriptions. He prepared the new deeds in his office and took them back to the grantor who signed them and then acknowledged them before him as a notary public. The grantor then gave the deed of the Ashland property to her daughter saying: "Edna, here is your deed." A short time later defendant brought both deeds to Scott's office where Scott had a safe and Scott put them in an envelope on which he wrote "T. W. Forbis and Edna Owen" and put them in the safe. Then on the day of grantor's death or the day thereafter, he delivered them to the defendant. Scott further testified he was accustomed to keeping papers in his safe for various persons in the community. Mrs. Owen, defendant's sister, corroborated the testimony of Scott about the signing and acknowledging of the deeds. She further testified that several days later defendant visited them and the grantor handed the deed to the farm to defendant, saying: "Here, Waller, is your deed." Then defendant took both deeds to Scott's office to be put in the safe for safe-keeping.

The fact that defendant deposited his deed with Scott for safe-keeping did not put it beyond his possession so as to make inapplicable the rule that possession of the deed by the grantee creates a rebuttable presumption of delivery. In Aude v. Aude (Mo.), 28 S. W. (2d) 665, this court held that the evidence tending to overcome this presumption must be clear and convincing.

In addition to this presumption we have direct evidence of delivery in the testimony of Mrs. Owen. Plaintiffs claim that her testimony was incompetent under Sec. 1887, R. S. 1939, which disqualifies a party as a witness where the other party to the contract or cause of action is dead. Plaintiffs argue that the giving of the two deeds, although to different parties, was one and the same transaction so that *both* parties were disqualified as witnesses in an action against only one of the parties to set aside the deed given to that particular party. Plaintiffs rely on Hughes v. Renshaw, 314 Mo. 95, 282 S. W. 1014. That was a suit to set aside eleven deeds given by a deceased grantor to various relatives because of fraud and undue influence. All the various grantees were held to be disqualified as witnesses in that case because they constituted collectively the "other party" to the "cause of action in issue and on trial" which the court found to be the obtention of the eleven deeds through fraud and undue influence. However, the court further found in that case that the eleven defendants all stood in the same shoes because their combined fraud and undue influence operated to produce the single result, the execution of eleven deeds. The interest of each was identical. On the other hand in the instant case there is no charge of fraud of undue influence of any sort. There is no charge that the witness, Mrs. Owen, and the defendant conspired in any way to obtain their respective deeds. There is no charge of any joint design on their part. "The cause of action in issue and on trial" in this case is whether or not the deed in question was delivered to defendant. In addition, the witness' testimony on that issue was adverse to her own interest because if the deed was set aside she would obtain an interest in the property as an heir. We hold she was not disqualified under the statute and her testimony was properly received. [See Gunn v. Thruston, 130 Mo. 339, 32 S. W. 654.]

Plaintiffs insist under a consideration of all the evidence the nondelivery of the deed was definitely shown. They recite these facts to uphold their contention: the recording of the deed after the death of the grantor; the assessment of the farm after the date of the deed in the name of the grantor by the witness Scott in his capacity as deputy assessor; the carrying of insurance on the farm in the grantor's name with witness Scott, after the date of the deed; the payment of taxes on the property in grantor's name, one payment being made by Scott, after the date of the deed; the making of repairs by grantor after the date of the deed; the collection of rents by grantor after the date of the deed. It was also shown that grantor had expressed an intent not to dispose of her property during her lifetime.

We do not agree that this evidence is so clear and convincing as to overcome defendant's proof of delivery of the deed to him. Further-

more and as plaintiffs contend, much of this evidence goes directly to the question of the credibility of witness Scott. That question is peculiarly one for the trial chancellor who saw the witness and heard his testimony. We defer to his judgment of the witness' testimony and to his finding of the issues thereon.

Other contentions are made about the admission and exclusion of testimony. In one instance the objection came too late and no motion to strike the testimony was made. The evidence excluded was merely cumulative of similar evidence already admitted.

The decree of the chancellor is correct and it is affirmed. All concur.

## ON MOTION FOR REHEARING.

DOUGLAS, P. J.—Appellants contend in their motion for rehearing that the general rule placing the burden of proving the non-delivery of a deed upon the party who seeks to set it aside for that reason, although stated by encyclopedias of law, is not the rule in this State. Such a rule seemed to us to be so sound as to require no further citation. This State follows the rule. In McFarland v. Brown (Mo.), 193 S. W. 800, this Court declared: ''It is claimed by respondents [plaintiffs] that there was no evidence of delivery of the deed. The burden was on plaintiffs to make out their case and prove nondelivery if they relied upon that issue. In any event the possession of the deed by the defendant was sufficient to raise the prima facie presumption of delivery. [Scott v. Scott, 95 Mo. 300, 8 S. W. 161; Pitts v. Sheriff, 108 Mo. 110, 18 S. W. 1071.]''

Appellants cite for the first time Tyler v. Hall, 106 Mo. 313, 17 S. W. 319. That case is not apposite because after the death of the grantor ''the deed in question was found by the administrator, in a desk kept by deceased, and under his control, among other papers belonging to him at his death. It was afterwards given into the possession of defendant by the administrator.'' Under these facts the court held that the burden of proving delivery was upon the person claiming under the deed. But the court further said: ''If the deed, properly executed, had, on the death of the grantor, been in the possession of the grantee, a presumption of delivery would have arisen, which could only have been overcome by satisfactory evidence.'' This latter situation is the one we have now before us.

Appellants renew their argument that there is a presumption the deed was not delivered arising from the fact it was recorded after the death of the grantor.

In this connection they rely on Southern v. Southern (Mo.), 52 S. W. (2d) 868. It seems to us that case supports a view contrary to theirs. It was a suit to set aside a deed which was placed of record after the grantor's death. This the court refused to do. The court said: ''Recording is not essential in transferring title as between the

758

parties themselves, but may have strong evidentiary value on the question of delivery and on the intent of the grantor. The delivery of a deed to a third person with instructions or intent to have the same withheld from record until after the death of the grantor and then recorded, if done with intent to pass title at once to the grantee, is a valid delivery." Therefore it must follow, as we said in our opinion, that the recording a deed after the grantor's death "is not of itself sufficient to show nondelivery." That fact alone can not overcome the presumption of delivery arising from possession of the deed. Furthermore we set out in the opinion positive ▇ evidence of actual delivery of the deed in grantor's lifetime which the chancellor chose to believe.

Appellants also cite Coles v. Bedford, 289 Mo. 97, 232 S. W. 728, but that case is distinguishable on the facts.

Other points raised by appellants have already been ruled in the opinion.. Further consideration shows us no reason to change those rulings.

The motion for rehearing is overruled. All concur.