232 S.W.2d 460 (1950)
BRESHEARS et al.
v.
BRESHEARS et al.
No. 41590.
Supreme Court of Missouri, Division No. 2.
September 11, 1950.
*461 Vernon Frieze, Warsaw, John T. Martin, Sedalia, for appellants. Martin, Salveter & Gibson, Sedalia, of counsel.
F. M. Brady, Edwin F. Brady, Warsaw, for respondents.
BOHLING, Commissioner.
This is a suit in equity to enforce the marital rights of a widow in real estate transferred by her husband, on the eve of their marriage, to his children by a former marriage, subject to the reservation of a life estate and a $300 mortgage; to set aside said deed; to determine title to the real estate involved; and for partition. The suit was instituted by Ida Breshears, the widow, and Noah and Ralph Breshears, two of her children by Henry B. Breshears, the said husband, against Jake and Denver Breshears and Alleen Harris, also her children by said husband, and George T. Breshears and Ina Young, children, and Velma Cobb, a granddaughter (daughter of Elige Breshears, a son) of said Henry B. Breshears by a former marriage. The court found the issues for the widow and her children and entered a judgment and decree canceling said deed; adjudged that Henry B. Breshears was the owner of said real estate at the time of his death and Ida Breshears, his widow, was entitled to her marital rights therein (homestead, dower, and statutory allowances); that the real estate, after the payment of the debts of the estate of Henry B. Breshears, deceased, passed to his heirs at law, and decreed partition of said real estate. George T. Breshears, Ina Young, and Velma Cobb appeal. Appellants contend the deed in question is valid; that respondents failed to prove their case; that the widow's cause of action is barred by limitations; that the children of Ida and Henry B. Breshears have no cause of action; and that the judgment and decree ignores certain credits to which George T. Breshears is entitled.
For sometime prior to April, 1912, Henry B. Breshears, of Benton county, Missouri, was a widower, and Ida Hunziker of Hickory county, Missouri, was a widow. Mr. Breshears had seven children by his first wife, namely: John Franklin, Mary E., Ina, Levi R., George T., Elige, and H. Hoover. Mrs. Hunziker had three children by her first husband, namely: Opal, Stella, and Hadley, ages 9, 6, and 3, respectively, in 1912. Henry B. was 52 years of age, and Ida was a young woman. They became betrothed and he procured their marriage license on April 6, 1912. On said April 6, 1912, Henry B., reserving "a life estate to himself," conveyed his 120 acres of land (valued around $3,000 as of today) in Benton county to the aforesaid children by his first marriage, subject to a "mortgage for three hundred dollars," "in consideration of the sum of love and affection and one dollar." This deed was not recorded until August 9,1916. He owned no other real estate and very little personal property.
On April 11, 1912, Ida Hunziker and Henry B. Breshears were married; and Ida, her three children, and her personal property were moved onto the Breshears' 120 acres. Each of the Hunziker children had left the Breshears farm prior to becoming 14 years old.
Ida and Henry B. had five children, namely: Noah, Ralph, Jake, Denver, and Alleen. The family continued to live on the 120 acres until the death of Henry B., intestate, on October 3, 1948, at the age of 88. His personal estate is insufficient to meet the statutory allowances to his widow. At the time of Henry B.'s death their youngest child was 23 years of age.
*462 George T. Breshears purchased, for valuable considerations, the interests in the land of John F. and Mary E. in 1930; of H. Hoover in 1931; of Levi R. in 1936; and of Edith Sunderland (one of two children of Elige, who predeceased his father) in 1942, and recorded each respective conveyance within a few days.
Appellants offered testimony by three witnesses that, while they were working on the wedding dress, Ida said that Henry B. had deeded the place away; that they talked about it, and that she was securing a home for herself and three children. This was denied by Ida, and the trial chancellor evidently believed her.
Testimony from different witnesses was to the effect Henry B. stated that he had made a mistake in deeding the place to the older children; that he made the deed because he did not know whether Ida and he would get along and if they did not she could not cause trouble; that now he was going to do all he could so Ida and her children by him might share his property with the others; that he never intended for his deed to be recorded; that either Frank or Levi had recorded it; and that some of the older children had agreed to take it off record. A writing was introduced, signed by Elige, John F., Hoover, Mary E., and Levi R., dated October 10, 1924, under which they purported to agree that their half brothers and sister should share equally in Henry B.'s estate.
The deed was dated and acknowledged on April 6, 1912. From the fact that it was not recorded until August 9, 1916, four years later, and grantor's statement, about 12 years prior to the trial, that he intended it should not be recorded, respondents say, absent affirmative evidence one way or the other, that the presumption on due delivery is overcome; and if the deed was not delivered until after April 11, 1912, the day of the marriage, it is ineffective.
The chancellor found, among other things, "that on April 6, 1912, * * * Henry B. Breshears," in contemplation of his approaching marriage and "with a fraudulent intent and purpose to defraud * * * his future wife * * * did purport to execute a warranty deed" conveying the real estate to his seven children by his first marriage, and "that there was no consideration for such conveyance"; but there is no finding that there had been no delivery of said deed. The deed was duly signed and acknowledged, was in the possession of appellants and, as stated, was recorded. A presumption of delivery existed. Koewing v. Greene County B. & L. Ass'n, 327 Mo. 680, 38 S.W.2d 40, 42[2]; Rone v. Ward, 357 Mo. 1010, 212 S.W.2d 404, 406[5]; Zumwalt v. Forbis, 349 Mo. 752, 163 S.W.2d 574, 575 [3, 4], stating the fact that a deed is not recorded until after grantor's death "'is not of itself sufficient to show nondelivery." [349 Mo. 752, 163 S.W.2d 576] A presumption also exists that a deed is delivered on the day of its acknowledgment. Jefferson County L. Co. v. Robinson, Mo.App., 121 S.W.2d 209, 212[5]; Gerardi v. Christie, 148 Mo.App. 75, 91, 127 S.W. 635, 639. Among other facts indicating a delivery are: This was a deed of gift for the purpose of passing title to children of a first marriage prior to a grantor's second marriage. The grantor reserved unto himself a life estate, strongly indicating the fee vested immediately in the remaindermen as if such intention did not exist there would be no reason for the reservation. The deed remained on record over thirty years, from 1916 to 1948, without attack by the grantor. In these circumstances, the presumption of a delivery of the deed on April 6, 1912, was not overcome. Consult Aude v. Aude, Mo.Sup., 28 S.W.2d 665, 668[6, 7]; Raney v. Home Ins. Co., 213 Mo.App. 1, 246 S.W. 57, 59[1-3]; 26 C.J.S., Deeds, p. 595, § 185; also p. 592,§ 183; p. 594, § 184, b; p. 598, § 187; p. 631, § 204; 16 Am.Jur. 654, §§ 381, 382, 384, 387, 388, 397-400.
Henry B.'s conveyance to the children of his first marriage in consideration of "love and affection" constituted a gift and was good for that purpose. Schneider v. Johnson, 357 Mo. 245, 207 S.W.2d461, 467 [6]; Robinson v. Field, 342 Mo. 778, 117 S.W.2d 308, 312[1]. However, a voluntary conveyance, one in consideration of *463 love and affection, yields where it constitutes a fraud upon creditors or a widow's marital rights. Weller v. Collier, Mo.Sup., 199 S.W. 974, 975(II); Vordick v. Kirsch, Mo.Sup., 216 S.W. 519, 520[2]; Snyder v. Free, 114 Mo. 360, 21 S.W. 847, 848(2); Brown v. Oehler, Mo.App., 192 S.W.2d 515, 517.
A couple to be married in the future stand on a confidential relationship after the agreement of betrothal. Donaldson v. Donaldson, 249 Mo. 228, 155 S.W. 791, 797[10]; Jones v. McGonigle, 327 Mo. 457, 37 S.W.2d 892, 894[1-4], 74 A.L.R. 550; 17 Am.Jur. 724, §§ 68, 107; 28 C.J.S., Dower, p. 124, § 55; 41 C.J.S., Husband & Wife, p. 570, § 97, c.
With the parties betrothed and occupying a fiduciary relationship of the strictest confidence, and with no valuable consideration passing from the grantees to the grantor, as here; and with the conveyance stripping the husband of his property and ability to meet obligations contemplated by law for the protection of his widow, the burden of going forward with the evidence to sustain the transfer shifted to the grantor husband and his representatives. See Donaldson v. Donaldson, supra; Jones v. McGonigle, supra; Snyder v. Free, supra; 17 Am.Jur. 772, § 117; 28 C.J.S., Dower, pp. 124, 129, §§ 55, 58; 41 C.J.S., Husband 97, c.
If appellants' evidence could be viewed as tending to establish a purported parol antenuptial agreement releasing dower, we find no consideration moving to the betrothed for her support after his death. Consult Mowser v. Mowser, 87 Mo. 437, 440; King v. King, 184 Mo. 99, 105, 82 S.W. 101, 102; Moran v. Stewart, 173 Mo. 207, 216(II), 73 S.W. 177, 179(2); Rice v. Waddill, 168 Mo. 99, 67 S.W. 605; Mathis v. Crane, Mo.Sup., 230 S.W.2d 707; § 334, R.S.1939, Mo.R.S.A.
There is an abundance of evidence to sustain the finding that Henry B.'s deed was in fraud of Ida's marital rights. It was made on the eve of their marriage, after their betrothal and with the marriage license in Henry B.'s hands. The deed was withheld from record for four years, warranting an inference the parties to the instrument intended not to record it and to keep it secret. Henry B. had no other real estate to which his widow's homestead and dower rights could attach, the transfer having stripped him of all his real estate. He made no provision for Ida after his death. They had five children. This was something more than a marriage whereby the man secured a housekeeper and the woman a home. We are not treating, with a contract made in consideration of marriage. Vordick v. Kirsch, Mo.Sup., 216 S.W. 519, 520; Weller v. Collier, Rice v. Waddill, Jones v. McGonigle, and other authorities supra. Consult Chrisman v. Linderman, 202 Mo. 605, 614, 100 S.W. 1090, 1092, 10 L.R.A., N.S., 1205, 119 Am.St.Rep. 822.
The parties to the deed, the grantor and the grantees, understood the fraudulent purpose of the transaction, patent to one of common understanding, and cannot be considered to be innocent thereof. Byam v. Kansas City Pub. Serv. Co., 328 Mo. 813, 41 S.W.2d 945, 951[14].
Appellants say that a woman betrothed stands as a creditor of her intended husband, Donaldson v. Donaldson, 249 Mo. 228, 245, 155 S.W. 791, 796[6]; that a complaining creditor must attack the fraudulent conveyance within the statutory limitation period, the cause of action accruing when the creditor has actual or constructive knowledge (through the recording) of the deed, Coleman v. Alderman, 357 Mo. 758, 210 S.W.2d 994, 995[2]; and as the instant deed was recorded August 9, 1916, and this action was not instituted until October 21, 1948, it is barred by the ten year statute of limitations applicable to actions by married women for the recovery of, or any interest in, or right to, or possession of real estate, § 1005, R.S.1939, Mo.R.S.A.
Appellants rely on Kober v. Kober, 324 Mo. 379, 23 S.W.2d 149, 151[2, 3], to establish error, whereas respondents also rely on the same case, 23 S.W.2d loc. cit. 152[7, 8].
That portion of the Kober case involved in appellants' citation relates to an action instituted November 1, 1925, to set aside *464 a deed executed by plaintiff and her husband on November 8, 1901; by plaintiff as a result of fraudulent representations to her by her husband. Unless said deed be set aside, the widow could assert no dower rights to the real estate thereby conveyed as her dower, inchoate and consummate, stood released by her said joint deed with her husband. Consequently, her cause of action to set aside said deed and thereby incidentally restore her dower interest was barred by now § 1005, supra. The deed involved in the instant case is not signed by the wife.
The other portion of said Kober case related to the recovery of dower in real estate purchased and paid for by said plaintiff's husband about October 27, 1910, but with title taken in the name of a child to defeat any claim plaintiff might thereafter have in said real estate. On this phase of the case the court ruled that the child held the property for the use of the husband under now § 318, R.S.1939, Mo.R.S.A.; and that the widow's cause of action for the recovery of dower "accrued upon her husbands' death, and is, of course, not barred." [324 Mo. 379, 23 S.W.2d 152]
The inchoate dower of a wife is sufficient to give her a right to test the validity of her husband's acts in fraud thereof to protect her future right of action. Vordick v. Kirsch, Mo.Sup., 216 S.W. 519, 520. The marital rights of Ida Breshears here involved accrued upon the death of her husband. Consult §§ 612, 318, 306, 106, R.S.1939, Mo.R.S.A. Section 363, R.S.1939, Mo.R.S.A., which bars actions for dower not "commenced within ten years from the death of the husband" is applicable. The instant action was instituted within three weeks of the husband's death and is not barred.
We also mention that § 1005, supra, relates to married women generally, whereas § 363, supra, is a special statute of limitations and relates to the recovery of dower by a widow. Consult § 1881, R.S.1909, Laws 1917, p. 205, Mo.R.S.A. § 1004; Laws 1919, p. 496, Mo.R.S.A. § 1005; McFarland v. McFarland, 278 Mo. 1, 211 S.W. 23, 25; Belfast Inv. Co. v. Curry, 264 Mo. 483, 175 S.W. 201, 204[3].
Appellants contend the children of Ida and Henry B., their half brothers and sister, have no standing in this suit. Respondents say if the deed be set aside in toto all heirs of Henry B., except those conveying to appellant George T., are proper parties to have their rights determined, and cite Vordick v. Kirsch, Mo.Sup., 216 S.W. 519, 520, and Weller v. Collier, Mo.Sup., 199 S.W. 974.
The instant issue is not discussed in Weller v. Collier. In Vordick v. Kirsch the fraudulent conveyances were set aside in toto; but that case involved dower initiate and not dower consummate, as here; the rights and liabilities of the wife and husband had not been and could not be fixed until a later period; the daughter was left with full legal protection of her rights with the fraudulent scheme set aside, and there existed no necessity to invoke an estoppel against the fraudulent grantor. A moral obligation existed for Henry B. to protect his children of each marriage; but there was no legal obligation. While there was proof that Henry B.'s deed was executed to defraud his betrothed, the proof did not affirmatively embrace his afterborn children; nor was there proof that he then intended the deed to also include his afterborn children. Equity will not disturb a grantor's absolute disposition of property for the benefit of existing children to let in afterborn children of the grantor. Bobb v. Bobb, 7 Mo.App. 501, 506, 507. Consult Stierlin v. Teschemacher, 333 Mo. 1208, 64 S.W.2d 647, 652[1, 5-8]; 91 A.L.R. 121; Price v. Morrison, 291 Mo. 249, 236 S.W. 297, 301[1, 2]; Bullock v. Peoples Bk., 351 Mo. 587, 173 S.W.2d 753, 757[6]; Raney v. Home Ins. Co., 213 Mo.App. 1, 246 S.W. 57, 59. The general rule is that a conveyance in fraud of a woman's marital rights is void and to be set aside only to the extent it affects said marital rights. 28 C.J.S., Dower, p. 130, § 58; 17 Am.Jur. 764, § 107.
Furthermore, giving consideration to the fact that George T. Breshears paid the $300, 8%, debt secured by mortgage on *465 the real estate in 1930; that he made some improvements to the premises; that between 1930 and 1942 he purchased, paying valuable considerations, 9/14ths of the interests passing under Henry B.'s deed to his brothers and sisters; and that there was no attack on Henry B.'s deed for many years and until after his death, we think the equities do not call for a cancellation of said deed in toto but that justice will be served under the instant facts by a decree adjudging the remaindermen to hold their title subject to all the marital rights of Ida, the widow of Henry B.
The judgment is reversed and the cause is remanded with direction to adjudge the title in appellants; that is, 11/14ths in George T. Breshears, 2/14ths in Ina Young, and 1/14th in Velma Cobb, all subject to the marital rights of Ida Breshears as the widow of Henry B. Breshears, and for further proceedings in conformity herewith.
WESTHUES and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All concur.