**Genevieve LAWSON, Plaintiff-Appellant,**

**v.**

**Paul R. ROUSE et al., Defendants-Respondents.**

**No. 9534.**

Missouri Court of Appeals,
Springfield District.

Oct. 8, 1974.

Dalton DeShazer, Joplin, for plaintiff-appellant.

Daniel J. Leary, Joplin, for defendants-respondents.

WILLIAM L. RAGLAND, Special Judge.

This appeal involves an equitable action brought by plaintiff-appellant Genevieve Lawson, a niece of the late Avie Rouse, to quiet title to certain real property in herself as surviving joint tenant. She claims title to the real estate in question by virtue of a certain deed executed by her aunt, Avie Rouse. Defendants-respondents are the administrator of the estate of Avie Rouse and the children of Mrs. Rouse who claim the real estate in question by virtue of inheritance.

The trial court, finding in favor of defendants, ruled that the deed in question was invalid and should therefore be set aside and for naught held. It also held that plaintiff should be reimbursed for funds expended by her in payment of taxes and insurance on said real estate since the death of Avie Rouse. From this judgment, plaintiff appeals to this court.

In a memorandum opinion, prepared and filed by the trial court, the findings of fact are as follows:

"(1) That Avie Rouse was the surviving spouse of Norman Rouse who died on May 16, 1947; that prior to his death he and Avie were owners by the entirety of two tracts of land in Japser County, Missouri, to-wit: (A) all of Lot 64 in Bartlett's First Addition to Joplin, hereinafter referred to as the Tyler Street property, and (B) all of Lots 61, Block 24; Lots 72 and 73, Block 25; Lots 71, 74, 75, Block 26 and Lot 76, Block 27, in Armil's Mineral Addition to the City of Joplin, hereinafter referred to as the Armil property.

"(2) That on the death of Norman Rouse, his wife, Avie, became the sole owner of these properties.

"(3) That on the 4th day of October, 1966, Avie Rouse executed a general warranty deed, which is plaintiff's Exhibit #1, conveying both of the above described properties to herself and her niece, Genevieve Lawson, the plaintiff, as joint tenants with the right of survivorship; that there appeared in the body of the deed and just above Avie's signature the words, 'PRIOR TO THIS DATE. IT IS UNDERSTOOD THAT THIS DEED IS NOT TO BE RECORDED UNTIL AFTER THE DEATH OF AVIE ROUSE, GRANTOR HEREIN.'

"(4) This deed was apparently in the possession of the plaintiff at the time of Avie Rouse's death on October 24, 1970.

"(5) That on the 19th day of July, 1968, Avie Rouse conveyed the Armil property by Warranty Deed to the William T. Joyce Company, which has been marked Plaintiff's Exhibit #2. This deed was recorded for record July 22, 1968.

"(6) That the October 4, 1966, deed was, after Avie's death, taken by plaintiff back to Mr. A. H. Garner, attorney, who had originally prepared the deed for Mrs. Rouse; that Mr. Garner, after being advised by the plaintiff that the Armil property had been previously sold by Avie, made some vertical marks across the description of the Armil property and typed in at the bottom of the deed the following words, 'ALL LOTS MENTIONED IN ARMIL'S MINERAL ADDITION ABOVE DESCRIBED WERE SOLD BY THE GRANTOR PRIOR TO HER DEATH AND ARE NOW OWNED BY THE PARTIES AND THE LOTS 63 AND PORTIONS OF 64 IN BARTLETT'S FIRST ADDITION ARE THE

LOTS NOW AFFECTED BY THIS DEED AND CONVEYED AS SHOWN THEREIN.' It might be added at this time that the word 'NOT' appears to have been omitted in line two above between the words 'ARE' and 'NOW'; that thereafter Mr. Garner sent the deed to the Recorder's Office to be recorded and the same was recorded on October 28, 1970."

Neither party attacks the findings of the trial court nor can this court find any reason why they should be rejected.

Before ruling on assignments of error on this appeal, it should be noted that appellant has chosen to present her points in diffuse and abstract form and appellant's points do not correspond to any particular argument urged by appellant. In our opinion, there is doubtful compliance with Rule 84.04(d), V.A.M.R.

Appellant contends that the trial court improperly "took the position that the conduct of the grantor over a period of approximately four years could be considered in determining whether the grantor had the intent to deliver the deed at the time it was manually delivered. . . . because joint tenants have equal rights in the property."

■ Appellant's argument seems to be that evidence of Avie's control of the property in issue was not relevant because such conduct would not be inconsistent with her rights as a joint tenant. "Evidence is considered relevant if the fact it tends to establish tends in turn to prove or disprove a fact in issue, or to corroborate evidence which is relevant and which bears on the principal issue." Charles F. Curry & Co. v. Hedrick, 378 S.W.2d 522, 536[18] (Mo.1964). The fact in issue was Avie's intent at the time the deed was delivered to appellant. While it is true "one joint owner may hold property for the benefit of all the joint owners" [Napier v. Eigel, 350 Mo. 111, 117, 164 S.W.2d 908, 911[3]

(1942)], it is equally true that "each of the joint tenants has a right to the possession of the premises, [and] neither can hold exclusive possession against his cotenant." Osterloh's Estate v. Carpenter, 337 S.W.2d 942, 946[5] (Mo.1960). To the extent that the acts of exclusive possession and control of the property by Avie subsequent to its purported transfer would, by their singular nature, tend to indicate the absence of a similar right on the part of anyone else, they would be relevant to the question of whether Avie intended a present transfer at the time the deed was delivered to appellant.

Also, appellant's argument apparently does not address itself to the fact that Avie independently sold part of the property without notifying appellant or sharing the proceeds with her (which would be inconsistent with the existence of a joint tenancy), and that Avie undeniably intended that the deed not be recorded until after her death. In light of the foregoing, it is concluded that the court did not err in considering Avie's control of the property subsequent to the date of the deed as evidence of her intent at the time the deed was delivered. In so ruling, the court placed considerable reliance on Coles v. Belford, 289 Mo. 97, 232 S.W. 728 (1921), wherein a similar holding resulted from closely analogous circumstances. No fault is found with the court's conclusion in this regard.

Appellant next contends: "A deed is not rendered inoperative by the fact that it is delivered under contemporaneous agreement that it is not to be recorded until after death."

■ This point serves admirably to illustrate the rationale underlying the Rule 84.04(d) castigation of "[s]etting out only abstract statements of law without showing how they are related to any action or ruling of the court." Though the accuracy of the proposition is unquestioned [Barker v. Barker, 219 S.W.2d 391, 392[1] (Mo.

1949); 26 C.J.S. Deeds § 45, p. 698 (1956)], its applicability to the instant circumstances is unclear. Taken as an attack upon the judgment of the court in general, the argument fails for the simple reason that the postmortem recording proviso was not the sole basis of the court's decision. As an allegation of error on the part of the trial court in considering the proviso as an indicium of the grantor's intent at the time of delivery, the contention also fails because Missouri courts have long held that circumstances of recordation are of significant evidentiary value concerning questions of delivery and intent of the grantor. Rone v. Ward, 357 Mo. 1010, 1015, 212 S.W.2d 404, 407[6] (1948); Zumwalt v. Forbis, 349 Mo. 752, 757–758, 163 S.W.2d 574, 577[10] (1942); Southern v. Southern, 52 S.W.2d 868, 870[6] (Mo. 1932). No merit is found in this point, however interpreted.

Appellant next urges that possession of the deed gives rise to a presumption of valid delivery, rebuttable only by "very strong and convincing evidence."

■■ No doubt possession of a deed by a grantee does give rise to a presumption of delivery [Baker v. Baker, 363 Mo. 318, 327, 251 S.W.2d 31, 37[9], 33 A.L.R. 2d 1431, 1439 (1952); Zumwalt v. Forbis, supra, 349 Mo. at 754, 163 S.W.2d at 575[3]; Cartmill v. Evans, 498 S.W.2d 541, 545[5] (Mo.1973)], and "the evidence tending to overcome such presumption must be clear and convincing." Aude v. Aude, 28 S.W.2d 665, 668[6] (Mo.banc 1930); Zumwalt v. Forbis, supra, 349 Mo. at 755, 163 S.W.2d at 576[6]. These principles appear to be somewhat less than decisive in the instant circumstances, however, because appellant's subsequent possession of the deed would, logically, seem to engender at best a presumption of *physical* delivery, and the physical transfer of the deed to appellant is not impugned herein; the crucial question involves Avie's intent at the time of transfer. At any rate,

whether respondents' task below be characterized as one of adducing "clear and convincing evidence" or of merely carrying the burden of proof regarding nondelivery of the deed [Cartmill v. Evans, supra, 498 S.W.2d at 545[3]; Ragan v. Ragan, 445 S.W.2d 825, 826[2] (Mo.1969); Fritz v. Fritz, 479 S.W.2d 198, 200[3] (Mo.App. 1972)], one could hardly conceive of more cogent evidence of Avie's intent *not* to part with an undivided one-half interest in her property than her subsequent sale of a large portion of that property without notifying, consulting, or sharing the proceeds with the putative grantee.

Appellant next states that the delivery of a complete deed by a grantor to a grantee invests the latter with title, and the grantee is not divested of his title by any subsequent alteration or loss of the deed.

Here again, appellate beatitude would be considerably augmented by simple compliance with Rule 84.04(d), V.A.M.R. Assuming the argument to be legally accurate [cf. Robb v. N. W. Electric Power Cooperative, 297 S.W.2d 385, 388[5] (Mo.1957)], the relevance of the point is not apparent to this court. In its conclusions of law the trial court made no mention of Mr. Garner's alteration of the deed, and this fact was manifestly irrelevant to the issue of Avie's intent at the time of delivery. This point thus merits no consideration.

Appellant's next point is a repetition of point I, supra, and therefore does not require further comment.

Appellant's final point is: "An estate in entirety is held by two or more persons jointly, with equal rights to share in its enjoyment during their lives and having as its distinguishing feature the right of survivorship, or JUS ACCRESCENDI, by virtue of which the entire estate, upon the death of a joint tenant, goes to the survivor free and exempt from all charges made his deceased cotenant or cotenants."

This point merits no judicial advertence for the following reasons: (a) it ignores

the crucial issue, id est, whether the deed establishing a joint tenancy was validly delivered; (b) the effect of one joint tenant's death upon property held in joint tenacy is not an issue in this case; and (c) no estate by the entireties is involved herein.

"The scope of our review is governed by Rule 73.01(d), V.A.M.R., and while we review the case upon both the law and evidence the judgment is not to be set aside unless clearly erroneous, giving due regard to the opportunity of the trial court to judge of the credibility of the witnesses." Higgerson v. Higgerson, 494 S.W.2d 374, 377[1] (Mo.App.1973). See also Freshour v. Schuerenberg, 495 S.W.2d 116, 118[2–5] (Mo.App.1973). In light of the evidence adduced, no error (clear or otherwise) in the proceedings nisi has been perceived.

In fact, we are inclined to thoroughly agree with the trial court's observation contained in its conclusions of law that "[t]here seems to be no doubt, from the testimony of both plaintiff and defendant, that Avie probably thought more of her niece than she did her two sons and that she wanted her niece to get her property after her death; however, it appears equally well to the Court that considering the facts discussed above, Avie didn't intend to give up dominion or control of this property until after her death. She may or may not have been given proper legal advice but she attempted to do by deed what she should have done by will."

The judgment is affirmed.

STONE and TITUS, JJ., concur.

BILLINGS, J., concurs in result.

HOGAN, C. J., not sitting.

FLANIGAN, J., not participating because not a member of the court when the cause was submitted.