Dear Mr. Meyer:
This opinion is in response to your question asking:
 If a recorder receives oral and written notice that the named grantee in a proposed deed, which is in his possession but not yet recorded, repudiates that deed and requests that it not be recorded, is the recorder no longer "authorized" to record the deed, or is the mere forwarding of a deed to the Recorder's Office by one party sufficient "authority" to place a "duty" on the Recorder to record the deed?
You state the facts giving rise to this question as follows:
 A local bank demanded payment on a promissory note secured by a deed of trust recorded in the Office of the Recorder of Deeds . . . , and advised the debtors that it would foreclose under power of sale in the deed of trust if payment was not made. Debtors, who moved out of state subsequent to signing the note, through their attorney, offered to execute a Quitclaim Deed in Lieu of Foreclosure to the Bank in exchange for release of the debt. This offer was flatly and unequivocally rejected by the Bank due to the consequences of accepting such a deed, such as not being able to seek a deficiency judgment, possibility of junior liens, judgments against debtors, etc., which would not be cut off by such a deed but would be cut off by a trustee's sale. Bank instructed its trustee to commence advertisement for sale.
 Several days after the last conversation or communication between Bank and debtors, and prior to the initiation of the advertisement of the trustee's sale, debtors, through their attorney, and without the knowledge of the Bank, forwarded a Quitclaim Deed in Lieu of Foreclosure to the Recorder of Deeds . . . , along with the necessary recording fee. This deed named the Bank as grantee. Upon receipt of the deed[,] the deputy recorder stamped the deed "Filed for Record" and entered it in the daily instrument journal. After doing so[,] she realized that the acknowledgment on the deed was not sufficient for recording in Missouri. The deed was then returned to the debtors' attorney for proper acknowledgment. All of the above took place without the knowledge of the Bank.
 Several days later the attorney for the Bank[,] while reading the local newspaper, which runs the Court House news weekly, noted that a Quitclaim Deed in Lieu of Foreclosure was listed as filed from debtors to the Bank. He immediately talked with the Chairman of the Board of the Bank and the Executive Vice-President, both of whom indicated that they had no knowledge of the deed and had had no further communications with the debtors. The next day Bank's attorney went to the Recorder's Office and obtained a copy of the deed and cover letter and was told that the original had been returned for proper acknowledgment. Bank's attorney immediately orally protested the recording of the deed and explained his position to the Recorder of Deeds. The Recorder of Deeds and the Bank's attorney, at the request of the Recorder, came to my office for advise [sic].
 I concurred with the Bank's attorney that the deed was void for lack of acceptance and delivery, however, could find no authority under the statutes to allow the recorder, in the face of the objection, to record the deed, or, despite the objection, to keep him from recording the deed. The next day the Bank's attorney sent a letter by Certified Mail, Return Receipt Requested, to debtors, their attorney, and a copy to the Recorder of Deeds, repudiating the deed. Several days thereafter the deed was returned to the Recorder's office with the proper acknowledgment for recording.
 Prior to the deed['s] being returned properly acknowledged, Bank's Trustee, through Bank's attorney[,] forwarded copies of the Notice of Trustee's Sale to debtors by Certified Mail, as required by statute.
 The deed remains unrecorded, but needs to be disposed of in some manner.
Section 59.330, RSMo 1978,[1] states in part:
 It shall be the duty of recorders to record:
 (1) All deeds, mortgages, conveyances, deeds of trust, bonds, covenants, defeasances, or other instruments of writing, of or concerning any lands and tenements, or goods and chattels, which shall be proved or acknowledged according to law, and authorized to be recorded in their offices; . . . . [Emphasis added.]
Section 442.380 states:
 Every instrument in writing that conveys any real estate, or whereby any real estate may be affected, in law or equity, proved or acknowledged and certified in the manner herein prescribed, shall be recorded in the office of the recorder of the county in which such real estate is situated. [Emphasis added in part.]
In Cravens, et al. v. Rossiter, et al., 116 Mo. 338,22 S.W. 736, 736-737 (1893), the court stated:
 The delivery of a deed is the final act, without which it cannot take effect as a transfer of the title. The delivery may be to the grantee himself, or to a third person for him. . . . In the first place, the question of delivery here does not stand on a presumption arising from the fact that the deed was recorded. The question is to be determined from all the facts disclosed by the evidence. . . . It was for him [the grantee] to say whether he would accept the deed on such terms, and until he in some way gave his assent the deed could not and did not take effect as a transfer of title. Until then there was no delivery. Indeed, the delivery of a deed is the concurrent act of two parties. The delivery of the deed to the recorder, for the purpose of having it recorded, did not amount to a delivery to the defendant, for the recorder was not the agent of defendant, and hence had no authority to accept it. . . . Recording a deed by the grantor, without the grantee's knowledge or assent, does not, of itself, operate as a delivery of the deed. . . . [Emphasis added.]
In Missouri, the delivery of a deed to the grantee is necessary to complete the conveyance of land. As the Supreme Court stated in McCune, et al. v. Goodwillie, 102 S.W. 997 (Mo. 1907),
 To constitute a good delivery, a deed must not only pass from the actual and constructive control of the grantor, but the grantee must accept the deed. The recording of a deed may be presumptive evidence of delivery, and, being for the grantee's benefit, may be presumptive evidence of acceptance, but it is a rebuttable and not a conclusive presumption in each instance. . . . [Emphasis added.] Id. at 1006.
See also Lawson v. Rouse, 514 S.W.2d 834 (Mo.App. 1974).
Section 442.380 requires the recordation of any instrument that may affect the legal or equitable title to real estate. We do not believe that the General Assembly intended the recorder to exercise discretion in the filing of instruments in proper form. See Weyrauch v. Johnson, 208 N.W. 706 (Iowa 1926) and Opinion No. 54, Long, 1938. Accordingly, the instrument in question must be recorded under Section 442.380, regardless of the meaning of the "authorized" language in Section 59.330.
CONCLUSION
It is the opinion of this office that Recorders of Deeds must record deeds in proper from submitted to him by a grantor pursuant to Section 442.380, RSMo 1978, even if the delivery of such has been repudiated by the grantee.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] All statutory references are to RSMo 1978, unless otherwise indicated.